UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
ERICK J. FEITSHANS and STEVE :
HODGES, :
:
:
Plaintiffs :
: **MEMORANDUM**
: **OPINION AND ORDER**
- against - :
:   06 Civ. 2125 (SAS)
:
MICHAEL KAHN, LAURA KAHN, :
MICHAEL ASHKIN, WINTER FILMS, LLC, :
IKAHN PRODUCTIONS, INC. and :
DOES 1-10, :
:
Defendants. :
:
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/1/06

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

**I.   INTRODUCTION**

Plaintiffs brought this action seeking to hold alleged alter egos liable for judgments against now defunct corporations. Defendants then moved to dismiss the complaint in its entirety. On September 21, 2006 (the "September 21 Opinion"), the motion was granted in part and denied in part.[1] Defendants now move for reconsideration of that portion of the September 21 Opinion which

---

[1] *See Feitshans v. Kahn*, No. 06 Civ. 2125, 2006 WL 2714706 (S.D.N.Y. Sept. 21, 2006).

1

declined to dismiss plaintiffs' claim for attorneys' fees should they prevail on their alter ego claim. For the following reasons, defendants' motion is denied.

## II.   BACKGROUND

The background to this action is set forth in the September 21 Opinion, and familiarity with that opinion is assumed. For purposes of clarity, some relevant facts will be restated. This action arises out of alleged breaches of two employments contracts between defendant corporations and plaintiffs. Pursuant to an arbitration clause in the contracts, plaintiffs demanded arbitration and were awarded damages for unpaid salary. Plaintiffs then had this judgment confirmed by an order of the New York Supreme Court against defendant corporations.

Plaintiffs brought this action seeking to enforce the arbitration award as well as to recover additional damages. In the September 21 Opinion, I dismissed plaintiffs' claims insofar as they sought new damages for the same breaches that had already been arbitrated on the grounds of res judicata. I rejected defendants' arguments that plaintiffs were collaterally estopped from pursuing their claims that the individual defendants should be held liable for the corporate defendants' obligations on an alter ego theory. Collateral estoppel was inapplicable because this issue had never been litigated. I also found that based on

the language of the employment agreements, plaintiffs "may" be able to recover attorneys fees if they prevail on their alter ego claims.[2]

## III. LEGAL STANDARD

### A. Motion for Reconsideration

A motion for reconsideration is governed by Local Rule 6.3 and is appropriate where "'the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"[3] "A motion for reconsideration may also be granted to 'correct a clear error or prevent manifest injustice.'"[4]

Local Rule 6.3 must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."[5] Courts have repeatedly been forced to warn counsel that such motions

---

[2] *Id.* at *6.

[3] *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quotation omitted).

[4] *In re Terrorist Attacks on September 11, 2001*, No. 03 MDL 1570, 2006 WL 708149, at *1 (S.D.N.Y. Mar. 20, 2006) (quoting *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).

[5] *DGM Invs., Inc. v. New York Futures Exch., Inc.*, 288 F. Supp. 2d 519, 523 (S.D.N.Y. 2003) (quotation omitted). *Accord Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (court will deny the motion when the movant

should not be made reflexively, to reargue "'those issues already considered when a party does not like the way the original motion was resolved.'"[6] The purpose of Local Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"[7]

## IV. DISCUSSION

Defendants argue that this Court overlooked *first*, that all claims arising under the employment agreement, including plaintiffs' claims for attorneys' fees, are barred by res judicata, and *second*, that the express provisions of the employment agreements prevent the recovery of attorneys' fees in this action.[8] In briefing the motion to dismiss, defendants only explicitly argued the

---

"seeks solely to relitigate an issue already decided.").

[6] *Joseph v. Manhattan & Bronx Surface Transit Operating Auth.*, No. 96 Civ. 9015, 2006 WL 721862, at *2 (S.D.N.Y. Mar. 22, 2006) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

[7] *Naiman v. New York Univ. Hosps. Ctr.*, No. 95 Civ. 6469, 2005 WL 926904, at *1 (S.D.N.Y. Apr. 1, 2005) (quoting *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)).

[8] *See* Memorandum of Law in Support of Defendants' Motion for Reconsideration or Reargument Pursuant to Local Rule 6.3 ("Def. Mem.") at 6-9.

first point.[9] In the prior briefing, defendants did not even mention the specific provision of the employment agreements that the Court found might allow for the recovery of attorneys' fees, let alone that it bars any recovery of such fees. Nevertheless, I will briefly address each of defendants' arguments, both of which lack merit.

The two employment agreements that are at the root of this dispute are identical and each contains two provisions relating to the payment of attorneys' fees. Section 10 is captioned "Arbitration" and states that "[a]ny claim or controversy arising out of or relating to this Agreement shall be settled by arbitration." It further provides that in any such arbitration "[e]ach party shall pay the fees . . . of its own attorneys." Section 12.11 is captioned, "Attorneys' Fees" and states:

> Subject to the provision of Section 10 hereof with respect to arbitration, if any legal action, arbitration or other proceeding is brought for the enforcement of this Agreement, or because of any alleged dispute, breach, default or misrepresentation in connection with this Agreement, the successful or prevailing party shall be entitled to recover reasonable attorneys' fees and other costs it incurred in that action or proceeding, in addition to any other relief to which it may be entitled.

Reading Sections 10 and 12.11 together, the employment agreements

---

[9] *See* Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint at 18.

Case 1:06-cv-02125-SAS-THK   Document 42   Filed 11/01/06   Page 6 of 10

do not provide for attorneys' fees in connection with arbitration, but do provide for attorneys' fees "because of any alleged dispute . . . in connection with this agreement." Because this action seeks to enforce the confirmed arbitration award for breach of the employment agreements, in the September 21 Opinion I found that this dispute is "in connection" with these agreements and therefore that plaintiffs may be entitled to attorneys' fees should they prevail. Defendants have offered no new argument that leads me to reconsider my prior decision.

*First*, defendants argue that plaintiffs' claims for attorneys' fees under the employment agreements are barred because the underlying arbitration did not award such fees and therefore res judicata prevents plaintiffs from taking a second bite at the apple. However, because the present dispute as to the alter ego theory has not been litigated, plaintiffs may be able to recover fees for this action should they prevail and if the agreements so provide.[10]

*Second*, defendants argue that section 12.11 "allows for an award of

---

[10] *See* Memorandum of Points and Authorities in Opposition to Defendants' Motion for Reconsideration or Reargument Pursuant to Local Rule 6.3 at 4-5. Defendants' sole citation on this point is inapposite. *See* Def. Mem. at 6-7 (citing *JSC Foreign Econ. Ass'n Technostroyexport v. International Dev. and Trade Servs.*, 295 F. Supp. 2d 366, 384-87 (S.D.N.Y. 2003). In that case, the question was whether alter ego claims were arbitrable, while here the issue is whether the employment agreements are broad enough to provide for attorneys' fees on alter ego claims that are not collaterally estopped by the prior arbitration proceedings.

attorneys' fees *only* with regard to the enforcement of the Employment Agreements" while this is an action to enforce a judgment confirming the arbitration award.[11] In so arguing, defendants isolate the phrase in section 12.11 stating that fees may be recovered by the prevailing party in any action "for the enforcement of this Agreement," but ignore the words in the same section stating that fees may be recovered by the prevailing party in "any dispute" that is "in connection with this agreement." Read in its entirety, this provision for attorneys' fees is broader than defendants' cramped reading admits. The employment agreements survive the termination of plaintiffs' employment and disputes in connection with these agreements that have not yet been litigated are not barred by the parties' prior arbitration and its confirmation.[12]

Defendants' citations to various district court cases are easily distinguished. One of the three recognized exceptions to the general rule that each party pays its own attorneys' fees is when an enforceable contract provides for

---

[11]    Def. Mem. at 8 (emphasis added).

[12]    *See* section 12.3 ("Survival") of the employment agreements ("The covenants, agreements, representations and warranties contained in or made pursuant to this Agreement shall survive Employee's termination of employment.").

their award.[13] Defendants misleadingly cite to cases where the party seeking attorneys' fees could not point to *any* governing contractual provision (or other source) providing for payment of fees let alone a contract that is similar to the one at issue here.[14] Therefore, defendants have failed to point to "controlling decisions or data that the court overlooked"[15] and do not argue that the Court's ruling results in clear error or manifest injustice.[16]

## V.  CONCLUSION

For the foregoing reasons, defendants' motion for reconsideration is hereby denied. The Clerk of the Court is directed to close this motion [Docket No. 34].

---

[13] *See* Def. Mem. at 8 (citing to *Alcatel Space S.A. v. Loral Space Commc'ns Corp.*, No. 02 Civ. 2674, 2002 WL 1391819, at *6 (S.D.N.Y. June 25, 2002)).

[14] *See Alcatel*, 2002 WL 1391819, at *6 (stating that none of the three exceptions apply and finding no evidence that relevant agreements provide for attorneys' fees); *Briamonte v. Liberty Brokerage, Inc.*, No. 99 Civ. 2735, 2000 WL 666350, at *2 (S.D.N.Y. May 19, 2000) (same); *Heavy Constr. Lumber, Inc. v. Local 1205, Int'l Bhd. of Teamsters*, No. 00 Civ. 6659, 2001 WL 984949, at *9 (E.D.N.Y. July 27, 2001) (denying movant's appeal to the court's inherent power to award attorneys' fees because of opponent's bad faith in refusing to recognize arbitration award); *Westchester Fire Ins. Co. v. Massamount Ins. Agency, Inc.*, 420 F. Supp. 2d 223, 227-28 (S.D.N.Y. 2005) (same).

[15] *In re BDC 56 LLC*, 330 F.3d at 123 (quotation omitted).

[16] *See Doe*, 709 F.2d at 789.

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         October 31, 2006

## - Appearances -

**For Plaintiffs:**

Richard Hamlish, Esq.
LAW OFFICES OF RICHARD HAMLISH
1860 Bridgegate Street
Westlake Village, California 91361
Telephone: (805) 497-6632

**For Defendants:**

Richard P. Romeo, Esq.
SALON MARROW DYCKMAN NEWMAN & BROUDY, LLP
292 Madison Avenue
New York, New York 10017
Telephone: (212) 661-7100