## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERICK J. FEITSHANS, an individual;<br>STEVE HODGES, an individual,<br><br>         Plaintiffs,<br><br>   v.<br><br>MICHAEL KAHN, an individual;<br>LAURA KAHN, a individual;<br>MICHAEL ASHKIN, an individual;<br>WINTER FILMS, LLC, a New York<br>Limited liability Company; IKAN<br>PRODUCTIONS, a New York<br>Corporation; and DOES 1-10 inclusively,<br><br>         Defendants | Case No. 06 CIV 2125 (SAS<br><br>REPLY TO DEFENDANTS<br>MEMORANDUM IN OPPOSITION TO<br>PLAINTIFFS' MOTION TO STRIKE<br>PORTIONS OF THE AMENDED<br>ANSWER |

Plaintiffs hereby submit their Reply to Defendants' Memorandum in Opposition to Plaintiffs' Motion to Strike the Amended Answer. Although it is very tempting, Plaintiffs will attempt to refrain from reiterating many arguments that have been decided by this court but continued to argued by Defendants.

Dated: March 5, 2007                                    i/s/i Richard Hamlish
                                                                         Richard Hamlish
                                                                         Attorney for Plaintiffs

**LAW OFFICES OF RICHARD HAMLISH**
**910 HAMPSHIRE ROAD, SUITE G**
**WESTLAKE VILLAGE, CALIFORNIA 91361**
**805-497-6632    Fax 805-497-2703    Email hamlish@aol.com**

# PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' AMENDED ANSWER

## INTRODUCTION

In their Opposition, Defendants raise several issues, none of which have any merit because they fail to address the underlying reason that the Amended Answer is improper and the Motion should be granted. Defendants filed a counterclaim based solely on the Employment Agreement(s) (hereinafter "Agrrement(s)) yet they claim they are not parties to the Agreement(s). They seek to utilize the benefits of the Agreement(s) but refuse to assume the burdens of same.

Defendants argue that the court ordered that Defendants file an Answer and Rule 12(b)(6) at the same time. There is no record of any such order. Plaintiffs will not belabor the procedural bar to the filing of the Amended Answer in that the court has already permitted the Amended Answer to be filed. Plaintiffs have demonstrated sufficient prejudice to sustain the granting of this motion to strike

## THERE WAS NO ORDER BY THE COURT THAT DEFENDANTS' ANSWER AND MOTION BE FILED CONCURRENTLY

Defendants' counsel contends that the court instructed him to file the Answer and a Rule 12(b)(6) at the same time. Plaintiffs' counsel has researched the record in this case and was present telephonically for all hearings (including the May 16, 2006 hearing) in this matter. The Scheduling Order does not address the issue of Defendants' responsive pleading or the filing of any motion; the

LAW OFFICES OF RICHARD HAMLISH
910 HAMPSHIRE ROAD, SUITE G
WESTLAKE VILLAGE, CALIFORNIA 91361
805-497-6632   Fax 805-497-2703   Email hamlish@aol.com

Page -1-

court did not issue any order either requiring or permitting the filing of a motion and a responsive pleading concurrently. During the telephonic hearing, plaintiff's counsel does not recall hearing any discussion of the filing of any pleading or motion by the Court or defendants' counsel. Plaintiff's counsel cannot remember any instruction or indication by the Court that Defendants were required or given permission to file their Answer and Rule 12(b)(6) Motion to Dismiss concurrently. The issue was never addressed.

Defendants, in their Opposition, cite Wright & Miller for the principle that where an Answer and Rule 12(b)(6) Motion are filed concurrently, the Motion should be considered to have preceded the Answer. The exact citation [as set forth by Defendants] states: ". . . and thus as having been interposed in timely fashion." This authority seems to indicated if the Motion does not precede the Answer, it is not timely and must be stricken. On the other hand, the court, in permitting the concurrent filing of the pleading and the motion, converted the motion into a Rule 12(c) Motion for Judgment on the Pleadings which Plaintiffs agree is probably the better result if the procedure is to be permitted at all. That practice is disfavored by the courts.

## DEFENDANTS ARE ESTOPPED FROM ASSERTING A COUNTERCLAIM FOR ANYTHING BASED ON THE EMPLOYMENT AGREEMENT(S)

Initially, one thing must be made very clear and let there be no mistake, i.e. the Individual Defendants are suing (alleging counterclaims) based solely on the Agreement(s). They are suing on a contract. Their counterclaim pleads: "Defendants counterclaim against Plaintiffs pursuant to the Feitshans [Hodges] Employment Agreement, Section 12:11 . . ." and the Agreement(s) are the sole basis for their counterclaim. They cite no other basis or authority for the counterclaim. They seek

the reap the benefits of the Agreement(s) without bearing any of the burdens attached to the Agreement(s), i.e. the judgments in favor of Plaintiffs.

Defendants' counsel is correct as to the statement that plaintiffs' counsel and defendants' counsel discussed this issue extensively on a number of occasions. Plaintiffs' counsel took the position that Defendants, if a responsive pleading had been properly pleaded by the Individual Defendants, would be entitled to attorneys' fees if they prevailed; however, the caveat contained in that opinion is that if Defendants had submitted a proper responsive pleading, they could not prevail under any circumstances. The rationale for Plaintiffs' counsel's opinion is as follows:

Defendants have consistently argued that the Individual Defendants were not signatories to the contract and therefore not bound by the terms of the contract; they could not seek the benefits or be responsible for the burdens of the contract. Defendants made that argument to the Supreme Court re: the arbitration and were successful in having Michael Kahn and Laura Kahn dismissed from the arbitration on that basis. Based on that argument, Michael Kahn and Laura Kahn have no rights pursuant to the Agreement(s) and cannot make a claims on the Agreement(s).

However, in this matter, the Individual Defendants argue that although they are not the alter egos of the Entity Defendants, they can sue under the Agreement(s). They argue that they should not be responsible for the burdens of the Entity Defendants but they should be permitted to sue on the Agreement(s) and reap the benefits of the Agreement(s) as to the attorneys' fees clause. If they are permitted to seek the benefits of the Agreement but they cannot avoid the burdens. They are now estopped from asserting that they are not third party beneficiaries to the contract and alter egos of Winter Films.

The law is very clear on this issue. It is first year law school hornbook law that: "A third-party beneficiary may accept the benefits of the contract, but is also bound by any burdens or restrictions created by it." **17A Am.Jur.2d Contracts § 459-460 (1991)**. A third-party beneficiary bringing a breach of contract claim is bound by all of the terms and conditions of the contract that it invokes. **Trans-Bay Eng'rs & Builders, Inc. v. Hills,** 551 F.2d 370, 378 (D.C. Cir. 1976) "The [third-party] beneficiary cannot accept the benefits and avoid the burdens or limitations of a contract." **Id.** "A third-party beneficiary is bound by the terms and conditions of the contract it invokes. **Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.**, 709 F.2d 190, 203 (3d Cir. 1983) ". . . well-settled principles of estoppel dictate that where a party seeks the benefits of a contract, it cannot disaffirm its burdens." **Warren v. Hudson Pulp & Paper Corp**., 477 F.2d 229, 292 (2d Cir. 1973) "A trustee cannot accept the benefits of an executory contract without accepting the burdens as well." **In re Chicago, Rock Island & Pacific R.R. Co.**, 860 F.2d 267, 272 (7th Cir. 1988) "[T]he debtor cannot choose to accept the benefits of the contract and reject its burdens to the detriment of the other party to the agreement." **Richmond Leasing Co. v. Capital Bank, N.A.**, 762 F.2d 1303, 1311 (5th Cir. 1985); "An executory contract cannot be rejected in part, and assumed in part. . . . The contract must be rejected in its entirety, or not at all." **In re TSW Stores of Nanuet**, 34 B.R. 299, 304 (Bkrtcy S.D.N.Y. 1983) "There is an underlying concern in any corporate bankruptcy that the debtor not be able to walk away from its debts and allow an alter ego to acquire the benefits of the business with none of the burdens." **Wilkerson v. C.O. Porter Machhinery**, (1989) 567 A.2d 598 fn.5

A third party beneficiary must accept a contract's burdens along with its benefits. Moreover, a party may be bound by an arbitration agreement to which it has not expressly agreed. **Manes Org,**

**Inc. v. Standard Dyeing and Finishing Co.**, 472 F. Supp. 687 (S.D.N.Y. 1979) (arbitration clause need not be signed or subscribed to by the parties).

One suing as a third party beneficiary has the burden of showing that the provision was for his direct benefit and unless he can sustain this burden, he will not be permitted to sue on the agreement. **Williston on Contracts**, (3rd Ed., Jaeger, 1959), Vol. 2, § 356A, pp. 835-36. Defendants have not made any showing that they were the intended beneficiaries of the Agreement(s) yet by suing on the Agreement(s), they admit to being third party beneficiaries.

The Individual Defendants are seeking to enforce one of the terms of the Agreement(s) to their benefit while at the same time they are seeking to abdicate their responsibility of the burdens of the Agreement(s), i.e. Plaintiffs' judgements. These Individual Defendants cannot have it both ways. By seeking attorneys' fees based on the Agreement(s), they must assume the burdens that are attached to the Agreement(s), i.e. the judgment(s) in favor of the Plaintiffs.

The prior distinction, made by Defendants and sustained by the Court, between privity and alter ego, disappears when the Individual Defendants sued on the Agreement(s) itself. By arguing that they are a third party beneficiary to the contract, they still must assume the burdens if they are to use the benefits.

There are several options: 1) the Court may deny Plaintiffs' Motion to Strike and permit the counterclaims to stand, 2) the Individual Defendants can withdraw the Amended Answer, or 3) the Court can grant Plaintiffs' Motion to Strike the Amended Answer.

If either option number 2 or 3 are the result, the case moves forward with the Second Amended Complaint and original Answer to that complaint as the operative pleadings. If option number 1 is the result, Plaintiffs request that the Court, sua sponte, grant judgment on the pleading

to Plaintiffs or in the alternative permit Plaintiffs to file a Motion for Judgment on the Pleadings as soon as possible. By suing on the agreements, the individual defendants have assumed the benefits and are now saddled with the burdens of the agreements. One of the burdens of the Entity Defendants is the judgments in favor of Plaintiffs. There is no issue as to whether the judgments are enforceable against the Entity Defendants and as third party beneficiaries to the Agreement(s), the Individual Defendants are per se liable on the debts of the Entity Defendants.

Based on the foregoing, if the Court denies Plaintiffs' Motion to Strike, Plaintiffs' request permission to file a Rule 12(c) motion for judgment on the pleadings immediately.

## **PLAINTIFFS HAVE SHOWN SUFFICIENT PREJUDICE**

Plaintiffs have shown sufficient prejudice to prevail on the motion. There are four different Defendants, Michael Ashkin, Michael Kahn, Laura Kahn and Darby. Each of these defendants has a different level of culpability as to the damages suffered by Plaintiffs and each Defendant has different level of involvement as an alter ego of the Entity Defendant Winter Films. When evaluating the benefits and risks of naming each defendant, plaintiffs' analysis included the potential costs which would be incurred by naming that defendant. An example is Laura Kahn who is the daughter of Michael Ashkin and wife of Michael Kahn. Plaintiffs' counsel's initial evaluation showed she should be named as party. She was involved in the financing of Winter Films as well as other facets of Winter Films operations; her involvement was less that Michael Ashkin and/or Michael Kahn. However, mainly because there was very little cost and virtually no risk, she was named as a party. If the Court denies this motion and the trier of fact finds Laura Kahn not to have attained the status of an alter ego, Laura Kahn may be able to claim attorneys' fees. Although her counsel is also

representing all of the other defendants, he may be able to convince the Court that 25% of his time and costs should be attributed to Laura Kahn. Had plaintiffs known when the pleadings were closed that Defendants were seeking attorneys' fees if they prevailed, Laura Kahn may have be dismissed before any substantial costs and time were incurred on her behalf by counsel. To a much lesser degree the same analysis was made for Michael Ashkin.

There is also prejudice in connection with the pleadings. Had the counterclaim for attorneys' fees be made in a timely manner [ i.e. either in the original Answer or in an Amended Answer filed within 20 days of the original Answer] in the proper format, there is no question that plaintiffs would have filed a Rule 12(c) for judgment on the pleading or a Motion for Summary Judgment based on the counterclaim which is grounded on the Agreement(s). There would have been no need for traveling to New York three times for depositions and expending over $15,000.00. That is real prejudice.

Based on the foregoing, Plaintiffs pray the Court grant the Motion to Strike the Amended Answer and let the original Answer stand. In the alternative, if the Court denies Plaintiffs' Motion to Strike, Plaintiffs pray the court grant permission to Plaintiffs to file a Rule 12(c) Motion for Judgment on the Pleadings immediately.

## **CONCLUSION**

Based on the foregoing, the Court may sense that Plaintiffs have a dilemma. If the Court grants Plaintiffs' Motion to Strike based on the argument that a counterclaim based on the Agreement(s) cannot withstand a motion to strike because the Individual Defendants are not parties to the Agreement(s) and have not shown that they were intended third party beneficiaries, Plaintiffs

causes of action to the alter ego issue will be addressed in a motion for summary judgment alleging that the Individual Defendants have admitted, in the counterclaim that they were at minimum third party beneficiaries to the Agreement(s) and are therefore liable on the contract. If the Court denies Plaintiffs' Motion to Strike, Plaintiffs will be filing a Rule 12(c) Motion for Judgment on the Pleadings. In either case, Plaintiffs' will prevail on the third party beneficiary/alter ego issue.

In addition, the affirmative defenses of failure to state a claim, laches, res judicata and collateral estoppel should be stricken for the reasons set forth in the Motion to Strike.

Dated: March 5, 2007                                                              i/s/i/ Richard Hamlish
                                                                                                  RICHARD HAMLISH
                                                                                                  Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY under penalty of perjury under the laws of the State of California and the United States of America that on March 5, 2007, I electronically filed the foregoing with the United States District Court for the Southern District of New York using the CM/ECF system, which will send notification of such filing to the following:

    Richard P. Romeo, Esq.
    Salon Marrow Dyckman Newman & Broudy LLP
    292 Madison Avenue, 6th Floor
    New York, New York 10017


Dated: March 5, 2007                                                                                               _i/s/i/ Richard Hamlish_
                                                                                                                         RICHARD HAMLISH
                                                                                                                         Attorney for Plaintiffs