UNITED STATES DISTRICT COURT
SOUTHERN  DISTRICT OF NEW YORK
-------------------------------------------------- X
                                                      :
ERICK J. FEITSHANS and STEVE            :
HODGES,                                           :
                                                      :
                         Plaintiffs,             :
                                                      :
          - against -                             :
                                                      :
MICHAEL KAHN, LAURA KAHN,       :
MICHAEL ASHKIN, WINTER FILMS,  :
LLC, IKAHN PRODUCTIONS, INC.      :
and DOES 1-10,                               :
                                                      :
                                                      :
                         Defendants.          :
-------------------------------------------------- X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  4/2/07
```

**MEMORANDUM**
**OPINION AND ORDER**

06 Civ. 2125 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    BACKGROUND

Plaintiffs have moved to strike the affirmative defenses and to dismiss

the counterclaim raised by defendants in their January 9, 2007 Amended Answer to

the Second Amended Complaint ("Amended Answer").[1]  Specifically, plaintiffs

request that defendants' first affirmative defense, failure to state a cause of action

on which relief may be granted, and third affirmative defense, res judicata and

---

[1]      *See* Plaintiffs' Notice of Motion and Motion to Strike the Amended
Answer ("Motion to Strike").

1

collateral estoppel, be stricken because this Court, in its opinion dated September 21, 2006, denied in part defendants' Rule 12(b)(6) motion to dismiss for failure to state a cause of action, res judicata and collateral estoppel.[2]  Plaintiffs move to strike defendants' second affirmative defense, laches, estoppel and waiver, because "[d]efendants have not alleged any facts which would support [it]."[3]  Plaintiffs also contend that defendants' counterclaim for attorneys' fees should be dismissed for three reasons: *first*, the counterclaim is compulsory and is waived because it was not raised in the original answer[4]; *second,* plaintiffs will be prejudiced by the inclusion of the counterclaim[5]; and *third*, the individual defendants are not entitled to receive attorneys' fees under the relevant clauses of the employment contracts[6] because defendants argue that they did not sign those agreements in their individual

---

[2]     *See Feitshans v. Kahn*, No. 06 Civ. 2125, 2006 WL 2714706 (S.D.N.Y. Sept. 21, 2006). In that opinion, this Court dismissed plaintiffs' first two causes of action based on res judicata. *See id.* at *3-4. Plaintiffs' argument that *defendants*' affirmative defense of res judicata was previously addressed, *see* Motion to Strike at 2-3, is simply wrong.

[3]     Motion to Strike at 3.

[4]     *See id.* at 4-6.

[5]     *See id.* at 7-9.

[6]     An employment contract between Erick Feitshans and Ikahn Productions, Inc. was first signed on November 4, 1999. *See* Second Amended Complaint ("Compl.") ¶ 22. An employment contract between Steve Hodges and Winter Films, LLC was first signed on March 1, 2001. *See id.* ¶ 14.

capacities.[7]  For the following reasons, plaintiffs' motion to strike and dismiss is denied.

## II.   LEGAL STANDARD

### A.   Motion to Strike

Federal Rule of Civil Procedure 12(f) permits a court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "Motions to strike are generally disfavored and will be denied unless it is clear that under no circumstances could the demand succeed."[8]  Courts are "very reluctant to determine disputed or substantial issues of law on a motion to strike."[9]  "[T]o prevail on a motion to strike, the movant must show that he will be prejudiced by inclusion of the defense."[10]  "If the defense appears to be valid on the basis of the pleading, then the motion to strike will be

---

[7]     *See* Plaintiffs' Reply to Defendants' Memorandum in Opposition to Plaintiffs' Motion to Strike Portions of the Amended Answer ("Reply Mem."), at 2, 4-7.

[8]     *Seippel v. Jenkins & Gilchrist P.C.*, 341 F. Supp. 2d 363, 383 (S.D.N.Y. 2004).

[9]     *Aga Correa & Son v. Nautical Gold Creations*, No. 05 Civ. 624, 2005 WL 823927, at *1 (S.D.N.Y. Apr. 6, 2005) (citation omitted).

[10]     *Connell v. City of New York*, 230 F. Supp. 2d 432, 438 (S.D.N.Y. 2002).

3

denied, even though some defenses that are sufficient as a matter of pleading may
not be supported by the facts."[11]

## B.    Motion to Dismiss

Compulsory counterclaims are not barred simply because they are

omitted from a defendant's original answer.[12]  The 1937 Advisory Committee Note

to Rule 13 states, "If the action *proceeds to judgment* without the interposition of a

counterclaim as required by subdivision (a) of this rule, the counterclaim is

barred."[13]  Rule 13(f) explicitly contemplates the addition of counterclaims through

amendments.[14]

> Parties generally are permitted to amend their pleadings even if
> there has been a substantial delay in seeking the amendment,

---

[11]     *Index Fund, Inc. v. Hagopian*, 107 F.R.D. 95, 100 (S.D.N.Y. 1985).

[12]     *See, e.g., Beck v. CIT Group/Credit Finance, Inc.*, No. 91 Civ. 8258,
1998 WL 655547 (S.D.N.Y. Sept. 24, 1998) (granting defendant's motion to
amend its answer to include a compulsory counterclaim).

[13]     Fed. R. Civ. P. 13(a) Advisory Committee Note (emphasis added).
*See also Bellmore Sales Corp. v. Winfield Drug Stores, Inc.*, 187 F. Supp. 161, 162
(S.D.N.Y. 1960) ("It is only after [an] action proceeds to judgment that any
compulsory counterclaim, arising out of the transaction of occurrence that is the
subject matter of the prior suit, will be barred.").

[14]     *See* Fed. R. Civ. P. 13(f) ("When a pleader fails to set up a
counterclaim through oversight, inadvertence, or excusable neglect, or when
justice requires, the pleader may by leave of court set up the counterclaim by
amendment.").

> unless the movant has acted in bad faith, the amendment will
> prejudice the non-movant, or the amendment is futile. Mere delay,
> absent a showing of bad faith or prejudice, does not justify denial
> of leave to amend.[15]

In fact, a "leave to amend in [the 13(f)] context is governed by the same [liberal]

standards as apply to Rule 15(a) motions."[16]  Courts should be particularly liberal

in granting leave to add compulsory counterclaims because parties cannot assert

compulsory counterclaims once a final judgment has been rendered.[17]

## III.   DISCUSSION

### A.   Motion to Strike the Three Affirmative Defenses

The three affirmative defenses included in defendants' Amended

Answer are the same three affirmative defenses included in their previous answer,

which was filed with the Court on May 30, 2006 and served on plaintiffs the same

---

[15]     *Beck*, 1998 WL 655547, at *3.

[16]     *Fashion Fragrances & Cosmetics, Ltd. v. Croddick*, No. 02 Civ.
6294, 2004 WL 1106130, at *5 (S.D.N.Y. May 17, 2004).

[17]     *See id.* at *4 ("The court should also determine whether the proposed
counterclaim is compulsory, since the risk of the claim being barred in a
subsequent action supports a liberal amendment standard to include omitted
compulsory counterclaims.") (quotation marks and citation omitted). *See also
Spartan Grain & Mill Co. v. Ayers*, 517 F.2d 214, 220 (5th Cir. 1975) ("The
argument for allowing amendment is especially compelling when, as here, the
omitted counterclaim is compulsory.").

day.[18]  Plaintiffs should have moved to strike these defenses within twenty days of service.[19]  Thus, plaintiffs' motion to strike defendants' three affirmative defenses is denied as untimely.

### B.     Motion to Dismiss the Counterclaim

None of the grounds asserted by plaintiffs provides support to dismiss defendants' counterclaim.  Plaintiffs argue that defendants were required to assert their counterclaim for attorneys' fees when they filed their original answer and that the defendants have failed to satisfy any of the Rule 13(f) factors — oversight, inadvertence, excusable neglect, or justice — which would allow them to add a compulsory counterclaim to their Amended Answer.[20]  Defendants admit that they cannot satisfy the first three factors because they affirmatively chose not to plead

---

[18]     *See* Defendants' Declaration of Service, dated May 31, 2006.

[19]     *See* Fed. R. Civ. P. 12(f) ("Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.").

[20]     *See* Motion to Strike at 4-6.  Plaintiffs cite *Critical-Vac Filtration Corp. v. Minuteman International, Inc.*, 233 F.3d 697 (2d Cir. 2000), for the proposition that compulsory counterclaims "are compulsory in the sense that if they are not raised in the original Answer, they are forfeited."  Motion to Strike at 5.  *Critical-Vac*, however, merely states that "[i]f a party has a compulsory counterclaim and fails to plead it, the *claim cannot be raised in a subsequent lawsuit*."  *Critical-Vac*, 233 F.3d at 699 (emphasis added).

the counterclaim in their original answer.[21]  Rule 13(f), however, embraces a liberal

amendment policy, and leave should be granted "absent a showing of bad faith or

prejudice."[22]  "Prejudice to the opposing party is the most important reason for

denying a motion to amend."[23]

Plaintiffs argue that they are prejudiced by the late inclusion of the

counterclaim because plaintiffs might not have named the individuals as defendants

had plaintiffs known that the individual defendants would seek attorneys' fees.[24]

Plaintiffs note that they have incurred substantial costs in preparing their case

against the individual defendants.[25]  For example, plaintiffs have spent more than

---

[21]      *See* Defendants' Memorandum of Law in Opposition to Plaintiffs'
Motion to Strike ("Opp. Mem."), at 11 (explaining that defendants did not plead
attorneys' fees because they believed that such fees "were not available under the
particular language of the employment agreements").

[22]      *Beck*, 1998 WL 655547, at *3.

[23]      *United Nat'l. Ins. Co. v. Waterfront N.Y. Realty Corp.,* 948 F. Supp.
263, 270 (S.D.N.Y. 1996) (citing *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d
843, 856 (2d Cir. 1981)).  This Court also noted that prejudice to plaintiffs was an
important factor to be considered.  *See* Opp. Mem. at 6 (The Court had told
Plaintiffs they "had the option of either consenting to [the counterclaim], or if
Plaintiffs believed that such amendment would cause them undue prejudice, to
move to strike the proposed amended answer and bring such prejudice to the
attention of the Court.").

[24]      *See* Reply Mem. at 7-8.

[25]      *See id.* at 8.

$15,000 traveling to New York to take defendants' depositions.[26]

Before plaintiffs incurred many of these costs, however, they were already on notice that defendants might seek attorneys' fees. Plaintiffs received both oral and written notice on November 9 and 10, 2006 that defendants were seeking to add a counterclaim for attorneys' fees.[27] At least one of the three depositions that gave rise to plaintiffs' claimed expense of $15,000 took place after this notice.[28] Indeed, plaintiffs themselves are seeking attorneys' fees under the same contractual provision on which defendants now rely.[29] That provision states that the prevailing party is entitled to attorneys' fees. Moreover, as this Court suggested during the December 14, 2006 conference with the parties, both sides could waive their respective claims for attorneys' fees.[30] As a result, plaintiffs

---

[26]     *See id.*

[27]     *See* Opp. Mem. at 4 ("[I]n a telephone conversation on November 9, 2006 and in a letter dated November 10, 2006 (both faxed and emailed), Defendants asked Plaintiffs to consent to the amendment of Defendants' answer to add a counterclaim for attorneys' fees."); *see also id.* (describing this Court's Memorandum Opinion and Order of November 1, 2006 as putting all parties on notice that claims for attorneys' fees were valid under the employment contracts).

[28]     *See id.* at 6-7 (explaining that counsel discussed the possibility of defendants adding a counterclaim for attorneys' fees at the defendants' deposition on or about November 13, 2006).

[29]     *See* Compl. ¶¶ 61, 71, 80, 85, 91.

[30]     *See id.* at 18.

should not have been surprised by defendants' counterclaim for attorneys' fees.

Plaintiffs also contend that the individual defendants are not entitled to attorneys' fees because those defendants did not sign the employment contracts in their individual capacities.[31]  That argument, however, presumes that plaintiffs' theory of the case is correct.  Because a motion to dismiss should be granted only if "it appears beyond doubt that the [nonmovant] can prove no set of facts in support of [its] claim which would entitle [it] to relief," plaintiffs' merits-based argument is unavailing at this time.[32]

Plaintiffs also assert that defendants cannot ask for the benefit of attorneys' fees without incurring the burden of alter ego liability[33]; that is, if, as the individual defendants argue, they are not signatories to the employment contracts in their individual capacities and they are therefore not bound by the contracts, then the individual defendants should not be able to reap the contractual benefit of attorneys' fees.  This may turn out to be true.  However, it may also be true that plaintiffs cannot ask for the benefit of attorneys' fees without incurring the possible

---

[31]     *See* Reply Mem. at 2.

[32]     *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005).

[33]     *See* Reply Mem. at 3-7 ("By seeking attorneys' fees based on the Agreement(s), [the Individual Defendants] must assume the burdens that are attached to the Agreement(s), i.e. the judgment(s) in favor of the Plaintiffs.").

burden of defendants receiving attorneys' fees.

## IV.   CONCLUSION

For the reasons set forth above, plaintiffs' motion to strike is hereby denied.  The Clerk of the Court is directed to close this motion (No. 47 on the Docket Sheet).  A conference is scheduled for April 4, 2007 at 4:00 p.m. in courtroom 15C.


SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            March 30, 2007

# -Appearances-

## Counsel for Plaintiffs:

Richard Hamlish, Esq.
LAW OFFICES OF RICHARD HAMLISH
1860 Bridgegate Street
Westlake Village, California 91361
Telephone: (805) 497-6632

## Counsel for Defendants:

Richard P. Romero, Esq.
SALON MARROW DYCKMAN NEWMAN & BROUDY, LLP
292 Madison Avenue
New York, New York 10017
Telephone: (212) 661-7100